UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:19-cr-140-T-33TGW
18 U.S.C. § 371
18 U.S.C. § 659

LEMUEL WALLEIBYS ESCOBAR,
HUMBERTO RAMIREZ,
ALBERTO JESUS OBAYA, and
VIDAL ESTRADA



## INDICTMENT

The Grand Jury charges:

### COUNT ONE

**A.  Introduction**

1.  On or about December 27, 2018, a semi-trailer truck operated by Re-Tech Logistics Group and loaded with more than nine hundred cases of Patron tequila departed Laredo, Texas, bound for Southern Glazer's Wine and Spirits in Lakeland, Florida. The cases of Patron tequila had a value of $1000 or more.

**B.  The Conspiracy**

2.  Between on or about December 27, 2018, and on or about December 31, 2018, in the Middle District of Florida and elsewhere, the defendants,

LEMUEL WALLEIBYS ESCOBAR,
HUMBERTO RAMIREZ,
ALBERTO JESUS OBAYA, and
VIDAL ESTRADA,

knowingly and willfully did combine, conspire, confederate, and agree with each other, and with others, unknown to the Grand Jury, to commit an offense against the United States, that is, cargo theft, in violation of 18 U.S.C. § 659.

### C. Manner and Means of the Conspiracy

3. The manner and means by which the defendants and others sought to accomplish the object of the conspiracy included, among others, the following:

    a. It was part of the conspiracy that one or more conspirators would and did travel to a truck stop near U.S. Route 301 in Tampa, Florida, where a semi-trailer truck loaded with cases of Patron tequila was parked;

    b. It was further a part of the conspiracy that one or more conspirators would and did, without any authority or permission, steal the semi-trailer truck and relocated it to a location in Thonotosassa, Florida;

    c. It was further a part of the conspiracy that one or more conspirators would and did move cases of Patron tequila from the semi-trailer to a box truck parked nearby;

d.   It was further a part of the conspiracy that the conspirators would and did perform acts to promote and achieve the object of the conspiracy and to hide and conceal the purpose of the conspiracy and the acts committed in furtherance thereof.

### D.   Overt Acts

4.   In furtherance of the conspiracy and to effect its object, the following overt acts, among others, were committed in the Middle District of Florida, and elsewhere:

a.   On or about December 30, 2018, one or more conspirators travelled to a truck stop near U.S. Route 301 in Tampa, Florida;

b.   On or about December 30, 2018, one or more conspirators stole a semi-trailer truck loaded with cases of Patron tequila;

c.   On or about December 30, 2018, one or more conspirators relocated the semi-trailer truck loaded with cases of Patron tequila from a location in Tampa, Florida, to a lot in Thonotosassa, Florida; and

d.   On or about December 30, 2018, in Thonotosassa, Florida, one or more conspirators moved cases of Patron tequila from a semi-trailer to a box truck parked nearby.

All in violation of 18 U.S.C. § 371.

## COUNT TWO

On or about December 30, 2018, in the Middle District of Florida, the defendants,

>LEMUEL WALLEIBYS ESCOBAR,
>HUMBERTO RAMIREZ,
>ALBERTO JESUS OBAYA, and
>VIDAL ESTRADA,

aided and abetted by each other, did knowingly receive and possess goods valued at $1000 or more, specifically, cases of Patron tequila, which had been moving as, and which were a part of and which constituted, an interstate shipment of freight and property, knowing the same to have been stolen.

In violation of 18 U.S.C. §§ 659 and 2.

## FORFEITURE

1.  The allegations contained in Counts One and Two are incorporated by reference for the purpose of alleging forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2.  Upon conviction of any of all of the violations alleged in Counts One and Two, the defendants shall forfeit to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c), any property, real or personal, that constitutes or is derived from proceeds traceable to the violation.

3. The property to be forfeited includes, but is not limited to an Order of Forfeiture in the amount of the proceeds.

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

_____
Foreperson

MARIA CHAPA LOPEZ
United States Attorney

By: _____
Maria O. Guzman
Assistant United States Attorney

By: _____
Jay G. Trezevant
Assistant United States Attorney
Chief, Economic Crimes Section

5

FORM OBD-34
April 19                                              No.

FILED

# UNITED STATES DISTRICT COURT
## Middle District of Florida
## Tampa Division

2019 APR -2  AM 11: 27

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

THE UNITED STATES OF AMERICA

vs.

LEMUEL WALLEIBYS ESCOBAR,
HUMBERTO RAMIREZ,
ALBERTO JESUS OBAYA, and
VIDAL ESTRADA

## INDICTMENT

Violations:  18 U.S.C. §§ 371 & 659

A true bill,

_____
Foreperson

Filed in open court this 2nd day

of April 2019.

_____
Clerk

Bail $_____

GPO 863 525